[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from the judgment of the Ottawa County Court of Common Pleas following a plea of guilty to a charge of theft over $300, but less than $5,000, a felony of the fourth degree, in violation of R.C. 2913.02(A) (1). Appellant was sentenced on June 18, 1996 to eighteen months incarceration.
This matter was previously before the court on a motion to withdraw as counsel on appeal pursuant to Anders v. California (1967),386 U.S. 738, 744. State v. Brown (Feb. 19, 1997), Ottawa App. No. OT-96-043, unreported. This court found that an arguable issue existed regarding whether the trial court complied with the requirements of Crim.R. 11 because no transcript of the plea hearing was included in the record.
This matter is now before the court on appellant's sole assignment of error, which states:
 "The trial court erred in accepting the appellant's guilty plea where such plea was not knowing, intelligent or voluntary."
The central issue presented in this case is whether appellant knowingly, intelligently, and voluntarily waived her constitutional rights when she entered her plea of guilty.
In this regard, appellant stated in open court that no one forced her or made any promises to induce her to enter a plea of guilty. Moreover, after examining appellant, the trial court found that appellant voluntarily entered her plea of guilty, was not mentally incompetent, and understood the nature of the offense and the possible penalties she faced.
Upon review of the transcript of the proceedings of the plea hearing, we find that the trial court complied with the requirements of Crim.R. 11 and that appellant's plea was made knowingly, intelligently, and voluntarily. Accordingly, appellant's sole assignment of error if found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.